IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antoine A. Fleming, 295329, ) | C/A No.: 8:07-1795-JFA-BHH |
| ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ) | |
| South Carolina Department of Corrections; ) | |
| Watkins Pre-Release Center, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The *pro se* plaintiff, Antoine Flemming, was a pretrial detainee at the Watkins Pre-Release Center during the time of the matters alleged in his complaint. He initiated this action pursuant to 42 U.S.C. § 1983 contending that he slipped and fell while working on a loading dock at the Pre-Release Center. He concedes that he has received medical treatment for his injuries, yet seeks damages to compensate him for his medical treatment and pain and suffering.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should summarily dismiss the action

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

because the plaintiff has failed to allege a cause of action under federal question and the named defendants are not amenable to suit. The Magistrate Judge opines that while the facts alleged by plaintiff may set forth a cause of action based in state law, he has not asserted a viable federal claim. Thus, this court cannot exercise supplemental jurisdiction over such state claims. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on July 11, 2007. He did not filed timely objections[2] to the Report.

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

August 14, 2007
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[2] Under 28 U.S.C. § 636(b)(1), the district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's Report to which objections have been filed. The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to timely file specific written objections to the Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).